## PETTY, Garnishee, *vs.* OVERALL & MOULTON.

[GARNISHMENT IN PENDING SUIT.]

1. *Bailee, liability of.*—A pawnee is bound for ordinary care and answerable for ordinary neglect, with the goods pawned; if they are stolen through his negligence, he is reponsible; if without any negligence, he is discharged.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. C. W. RAPIER.

Overall & Moulton, appellees, sued out an attachment on the 22d August, 1862, returnable at the fall term, 1862, of the circuit court of Mobile, and summoned Petty, the appellant, by process of garnishment. Petty answered on 29th Nov'r, 1862, that he had a gold watch and chain belonging to defendant, but that he held it as indemnity for signing an appeal bond for defendant, returnable to the January term, 1863, of the supreme court. The case was continued from term to term, until the spring term, 1866, when plaintiffs obtained a judgment against defendant for $427 00, and on motion of plaintiff's at that term, citation was ordered to be issued to Petty, to show cause why judgment should not be rendered against him on his answer. He made default, and the court ordered that he appear at the next term and complete his answer. At the spring term, 1867, he appeared and filed an amended answer, setting up that the watch and chain was stolen from him in the latter part of the summer of 1864. The answer, as far as is necessary to a correct understanding of the case, is stated in the opinion of the court. The court rendered judgment against the garnishee on his answer; from this action of the court the garnishee appealed, and assigns the same as error.

HALL & LABUZAN, for appellant.
BOYLES & OVERALL, *contra.*

JUDGE, J.—The facts disclosed in the answer of the guarnishee, show that he was the pawnee of the watch and chain, and that they were stolen from his house, together with other articles of his own and of his wife and daughter, of similar character and of greater value ; and that all were stolen from the same place, and at the same time. The question is, whether, under the particular circumstances of the case, as disclosed by the answer, the loss of the watch and chain by theft, exonerates the pawnee from liability therefor ?

As to the liability of such a bailee, if the pledge be stolen, the rule seems to be now well settled, that he is not absolutely liable, nor absolutely excusable. If the theft is occasioned by his negligence, he is responsible ; if without any negligence, he is discharged—such a bailee being bound for ordinary care, and answerable for ordinary neglect.—Edwards on Bailments, p. 223, 225 ; Story on Bailments, § 338 ; 2 Kent's Com., m. p. 581.

The conclusion can not be legitimately drawn from the answer of the garnishee, that the theft of the watch and chain was the result of negligence on his part ; the contrary, we think, sufficiently appears. If the plaintiffs below believed the answer to be untrue, they might have contested it under section 2974 of the Revised Code. But upon the answer as it stands, the garnishee was entitled to be discharged ; and the court erred in rendering judgment against him.

Reversed and remanded.